NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLENDA STETNER, a married individual, | No. 17-35067 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00210-RMP |
| v. | |
| CITY OF QUINCY, a Washington municipal corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted June 5, 2018
Seattle, Washington

Before:  BYBEE and N.R. SMITH, Circuit Judges, and ANTOON,** District Judge.

Glenda Stetner appeals the district court's grant of summary judgment in

favor of her former employer, the City of Quincy, Washington, on her claims of

discrimination in the form of sexual harassment under Title VII of the Civil Rights

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

Act of 1964 and the Washington Law Against Discrimination (WLAD). Because the district court correctly concluded that there were no genuine issues of material fact and that the City was entitled to judgment as a matter of law, we affirm on *de novo* review. *See Dawson v. Entek Int'l*, 630 F.3d 928, 934 (9th Cir. 2011) (noting *de novo* standard of review).

"Notice of . . . sexually harassing conduct triggers an employer's duty to take prompt corrective action that is 'reasonably calculated to end the harassment.'" *Swenson v. Potter*, 271 F.3d 1184, 1192 (9th Cir. 2001) (quoting *Nichols v. Azteca Rest. Enters, Inc.,* 256 F.3d 864, 875 (9th Cir. 2001)). An investigation "can itself be a powerful factor in deterring future harassment." *Id.* at 1193. When an employer opens a "sexual harassment investigation, the employer puts all employees on notice that it takes such allegations seriously and will not tolerate harassment in the workplace." *Id.*

Here, when Stetner reported a co-worker's harassing conduct to her supervisor, the supervisor immediately relayed the complaint to the city administrator and the City promptly began an investigation. Within three days, the City placed the alleged harasser on administrative leave and did not allow him to return to the workplace without first calling in to obtain approval. Additionally, his conduct was reported to the police and criminal charges were later filed against him. Stetner never returned to work after reporting the harassment, and the alleged

harasser resigned five weeks after being placed on administrative leave.  No further harassment occurred.

On these undisputed facts, the City's response was adequate as a matter of law.  The City took immediate action; the harassment ended; and the City's response was likely to "persuade potential harassers to refrain from unlawful conduct."  *Ellison v. Brady*, 924 F.2d 872, 882 (9th Cir. 1991).  Stetner has cited no precedent requiring more remedial action than the City undertook under the circumstances of this case.

**AFFIRMED.**